IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KYLE DWAYNE JONES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BJORN BOYER and STEVEN SCOTT,<br><br>　　　　　Defendants. | **CV-21-23-BU-BMM-JTJ**<br><br>**ORDER** |

Plaintiff Kyle Dwayne Jones, a state prisoner proceeding pro se, filed this action alleging violation of his civil rights under 42 U.S.C. § 1983. He alleged slander, negligence, "bad faith, harassment, extraordinary circumstances, and deliberate indifference" in his initial Complaint. *See* (Doc. 1) at 3 § II(A), (B); *id.* at 5. Jones then sought leave of court to proceed in forma pauperis, which was granted by United States Magistrate Judge John Johnston on March 24, 2021. (Docs. 3, 4). The Court explained some defects in Jones's Complaint on March 31, 2021, and gave him an opportunity to correct them by filing an amended complaint. Jones filed a Motion to Appoint Counsel (Doc. 6) that was denied on April 12, 2021. *See* (Doc 7). Jones filed his Amended Complaint (Doc. 8) on April 21, 2021.

Judge Johnston entered Findings and Recommendations in this matter on August 3, 2021. (Doc. 10). Judge Johnston recommended that this Court dismiss Jones's Complaint (Doc. 1) and Amended Complaint (Doc. 8) without leave to amend for failure to state claim for which relief can be granted under 42 U.S.C. § 1983. *Id.* at 2, 4. Judge Johnston also recommended that this Court certify that any appeal from the disposition would not be taken in good faith. *Id.* at 4-5.

Jones did not file an objection to the Findings and Recommendations. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 152-53 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court first addresses the dismissal of Jones's Complaint (Doc. 1) and Amended Complaint (Doc. 8). The Court reviewed Judge Johnston's determination on Jones's Complaint (Doc. 1) and Amended Complaint (Doc. 8) and found no error. The Court adopts in full the portion of the Findings and Recommendations that explains why Jones's allegations do not support relief in his federal civil rights action under 42 U.S.C. § 1983. (Doc. 10 at 2-4). Steven Scott, as a public defender representing Jones, does not represent the State. As a result, Scott does not act under color of State law and therefore cannot be sued under 42 U.S.C. § 1983. *See*

*Polk County v. Dodson*, 454 U.S. 312, 317–19 (1981). Further, although county attorneys *do* represent the state and act under the color of State law for purposes of § 1983, Jones's allegations do not support an inference that Bjorn Boyer violated the federal Constitution or any other applicable federal law by failing to expunge Jones's record of any reference to the dismissed convictions or charges. Because controlling law shows that Jones's allegations do not support relief in his federal civil rights action under § 1983, a second opportunity to amend the pleading would not change the outcome for Jones. The Court dismisses Jones's Complaint (Doc. 1) and Amended Complaint (Doc. 8) without leave to amend. The Court accordingly declines to exercise supplemental jurisdiction over Jones's claims for relief under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court next addresses Judge Johnston's recommendation that this Court certify that any appeal from this disposition would not be taken in good faith. The Court reviewed Judge Johnston's determination on the Court's certification and found no error. Because the law requiring this ruling is clear and not reasonably subject to debate, any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B). The Court certifies that any appeal from this disposition by Jones is not taken in good faith.

Accordingly, **IT IS ORDERED:**

1. Jones's Complaint (Doc. 1) and Amended Complaint (Doc. 8) are **DISMISSED** without leave to amend.

2. The Clerk of Court is directed to enter by separate document a judgment of dismissal without leave to amend.

3. Any appeal from this disposition is not taken in good faith pursuant to Fed. R. App. P. 24(a).

Dated this 15th day of October, 2021.

_____
Brian Morris, Chief District Judge
United States District Court